UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

CHRISTINA FRYE,
     Plaintiff,

-vs.-                                                      **DEMAND FOR JURY TRIAL**


NATIONAL CREDIT SOLUTIONS, LLC,
An Oklahoma limited Liability Company,
     Defendant.

_____

## COMPLAINT & JURY DEMAND

     Plaintiff, Christina Frye, through counsel, Nitzkin and Associates, by Gary Nitzkin states

the following claims for relief:


## JURISDICTION

1.  This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15

    U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2.  This court may exercise supplemental jurisdiction over the related state law claims

    arising out of the same nucleus of operative facts which give rise to the Federal law

    claims.


## PARTIES

3.  The Defendant to this lawsuit is National Credit Solutions, LLC which is an Oklahoma

    limited liability company that maintains registered offices in Oakland County.

## VENUE

4.  The transactions and occurrences which give rise to this action occurred in Alameda County.

5.  Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6.  Defendant is attempting to collect on a consumer type debt alleged owed by Plaintiff to AT&T for a cell phone bill.

7.  Plaintiff paid this debt off over seven years ago and does not owe any such debt.

8.  Defendant first started calling Plaintiff sometime in November 2011.

9.  On or about November 8, 2011, Plaintiff first spoke with Defendant and informed it that she does not owe this alleged debt.

10. Plaintiff asked Defendant for something in writing and Defendant told Plaintiff that they cannot do this unless Plaintiff sends them something in writing.

11. Defendant said to Plaintiff, "If you do not pay this, we are going to take further action."

12. During this same conversation, Plaintiff was then transferred to a manager named Zoe.

13. Plaintiff told Zoe that she does not owe this debt.

14. Zoe cut Plaintiff off, raised her voice and refused to listen to Plaintiff.

15. On this same date, Plaintiff called AT&T and confirmed with a representative there that she does not owe any money to them.

16. To date, Plaintiff has not received anything in writing from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

22. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

23. Plaintiff incorporates the preceding allegations by reference.

24.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

25. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

27. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

28. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

29. Plaintiff incorporates the preceding allegations by reference.

30.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

31. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

32. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

33. Plaintiff has suffered damages as a result of these violations of the MCPA.

34. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.  Actual damages.

b.  Statutory damages.

c.  Treble damages.

d.  Statutory costs and attorney fees.

Respectfully submitted,


/s/ Gary Nitzkin

November 14, 2011                    GARY D. NITZKIN  P41155
                                     MICHIGAN CONSUMER CREDIT LAWYERS
                                     Attorneys for Plaintiff
                                     22142 West Nine Mile Road
                                     Southfield, MI 48033
                                     (248) 353-2882
                                     Fax (248) 353-4840
                                     Email –gnitzkin@creditor-law.com